**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.  23-21478-CMB |
| | ) | |
| MARTIN JOHN GATES | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| PAMELA J. WILSON, Trustee | ) | Doc. No. _____ |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN JOHN GATES | ) | |
| and LOAN DEPOT, | ) | |
| | ) | |
| Respondents | ) | |

**ORDER CONFIRMING PRIVATE SALE OF REAL PROPERTY
FREE AND DIVESTED OF LIENS**

   *AND NOW* this _____ day of _____, 2023, on consideration of the Trustee's ***Motion for Private Sale of Real Property Fee and Divested of Liens***, after hearing held in Courtroom "A", 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219, this date, the Court finds:

  1.  That service of the *Notice of Hearing* on said Motion for Private Sale of Real Estate free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for Private Sale, viz:

| DATE OF SERVICE | NAME OF LIEN HOLDER |
|---|---|
| September 5, 2023 | Loan Depot<br>Attn:  Bankruptcy<br>26642 Town Center<br>Foothill Ranch, CA  92610-2808<br>(Mortgage holder) |

  2.  That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and the parties in interest by the moving party as shown by the Certificate of Service duly filed and that the named parties were duly served with the Motion.

  3.  That said sale hearing was duly advertised on the *Court's EASI website pursuant to W. PA LBR 6004-1(c)(2) on September 5, 2023*, in *The Observer Reporter on September 8, 2023*, and in the *Washington County Legal Journal on September 9, 2023*.

  4.  That at the sale hearing, the highest/best offer received was that of the above Purchasers and no objections to the sale were made which would result in cancellation of said sale.

5.       That the price of $290,000 offered by Deborah Kurka and Thomas Zaecina was a full and fair price for the real property in question.

6.       That the Purchaser is acting in good faith with respect to the within sale in accordance with In re: Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (C.A. 3, 1986).

***NOW THEREFORE***, it is hereby ***ORDERED, ADJUDGED, AND DECREED*** that the sale by Special Warranty deed of the real property described as 871 East National Pike, Washington, PA Parcel Number 600-011-00-00-0021-01 is hereby ***CONFIRMED*** to ***Deborah Kurka and Thomas Zaecina and/or assignee or assignees for $290,000*** free and divested of the above-recited liens and claims and the property is sold in "as is, where is" condition with no warranties of any kind.  The Movant, Pamela J. Wilson, Trustee, is authorized to make, execute and deliver to the Purchasers above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims be, and they hereby are transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, and that the within decreed sale shall be free, clear and divested of said liens and claims;

**FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions,* including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

      a. Delinquent real estate taxes (if any);
      b. Current real estate taxes, pro-rated to the date of closing;
      c. The Court approved realtor commission in the amount of $17,400 (or 6% of the final approved sales price should a higher/better offer be made and accepted at the Sale hearing);
      d. 1% Transfer Tax;
      e. Debtors exemption in the amount of $27,900; and
      f. To pay lien holders, in the order of their priority, to the extent that the claims(s) are not disputed, and to the extent, it any, that a claim is disputed, the funds shall be retained pending Further Order of Court.

It is **FURTHER ORDERED** that:

(1)    *Within seven (7) days of the date of this Order,* the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service;

(2)    *Closing shall occur within thirty (30) days of this Order* or at such other time as may be acceptable to the Trustee's counsel;

(3)    *Within seven (7) days following closing,* the Movant shall file a ***Report of Sale*** which

shall include a copy of the HUD-1 or other Settlement Statement;

(4) The Bankruptcy Estate will not be responsible for cleaning out the property. Any personal property on the premises is abandoned by the Bankruptcy Estate and Trustee; and

(5) This Sale Confirmation Order survives any dismissal or conversion of the within case.

_____
CARLOTA M. BÖHM
United States Bankruptcy Court